Helen F. Dalton & Associates, P.C.
Helen F. Dalton (HFD 3231)
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN SUCUP and MANUEL SUCUP, individually and on
behalf of all others similarly situated,

                                    Plaintiff,

      -against-

HINOMARU RAMEN LLC D/B/A LUCKY CAT and KOJI
KAGAWA, an individual,

                                 Defendants.
------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiffs, **JUAN SUCUP and MANUEL SUCUP**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **JUAN SUCUP and MANUEL SUCUP**, individually and on behalf of all others similarly situated, through undersigned counsel, brings this action against **HINOMARU RAMEN LLC D/B/A LUCKY CAT and KOJI KAGAWA, an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at HINOMARU RAMEN LLC D/B/A LUCKY CAT located at 232 East 53rd Street, New York, New York 10022.

3. Plaintiff **JUAN SUCUP** was employed by Defendants from in or around September 2014 until in or around November 2018.

1

4. Plaintiff **MANUEL SUCUP** was employed by Defendants from in or around October 2015 until in or around November 2018.

5. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

10. Plaintiff JUAN SUCUP resides at 36-15 101st Street, Basement Apt., Corona, New York 11368, and was employed by Defendants at HINOMARU RAMEN LLC D/B/A LUCKY CAT from in or around September 2014 until in or around November 2018.

11. Plaintiff MANUEL SUCUP resides at 36-15 101st Street, Basement Apt., Corona, New York 11368, and has been employed by Defendants at HINOMARU RAMEN LLC D/B/A LUCKY CAT from in or around October 2015 until in or around November 2018.

12. Upon information and belief, Defendant, HINOMARU RAMEN LLC D/B/A LUCKY CAT, is a corporation organized under the laws of New York with a principal executive office at 232 East 53rd Street, New York, New York 10022.

13. Upon information and belief, Defendant, HINOMARU RAMEN LLC D/B/A LUCKY CAT, is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant KOJI KAGAWA owns and/or operates HINOMARU RAMEN LLC D/B/A LUCKY CAT.
15. Upon information and belief, Defendant KOJI KAGAWA is the Chairman of the Board of HINOMARU RAMEN LLC D/B/A LUCKY CAT.
16. Upon information and belief, Defendant KOJI KAGAWA is the Chief Executive Officer of HINOMARU RAMEN LLC D/B/A LUCKY CAT.
17. Upon information and belief, Defendant KOJI KAGAWA is an agent of HINOMARU RAMEN LLC D/B/A LUCKY CAT.
18. Upon information and belief, Defendant KOJI KAGAWA has power over personnel decisions at HINOMARU RAMEN LLC D/B/A LUCKY CAT.
19. Upon information and belief, Defendant KOJI KAGAWA has power over payroll decisions at HINOMARU RAMEN LLC D/B/A LUCKY CAT.
20. Defendant KOJI KAGAWA has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at HINOMARU RAMEN LLC D/B/A LUCKY CAT.
21. During all relevant times herein, Defendant KOJI KAGAWA was Plaintiffs' employer within the meaning of the FLSA and NYLL.
22. On information and belief, HINOMARU RAMEN LLC D/B/A LUCKY CAT is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

23. Plaintiff JUAN SUCUP was employed by Defendants from in or around September 2014 until in or around November 2018.
24. During Plaintiff JUAN SUCUP' employment by Defendants at HINOMARU RAMEN LLC D/B/A LUCKY CAT, Plaintiff was a cook, dishwasher and kitchen

worker, and performing other miscellaneous duties from in or around September 2014 until in or around November 2018.

25. Plaintiff worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around September 2014 until in or around November 2018.

26. Plaintiff JUAN SUCUP was paid by Defendants approximately $400.00 per week in or around 2014, approximately $450.00 per week in or around 2015, approximately $500.00 per week in or around 2016, approximately $550.00 per week in or around 2017, and approximately $600.00 per week from in or around January 2018 until in or around November 2018.

27. Although Plaintiff JUAN SUCUP worked approximately seventy-two (72) hours or more per week during the period of his employment by Defendants from in or around September 2014 until in or around November 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Furthermore, although Plaintiff JUAN SUCUP worked approximately twelve (12) or more hours per day, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

29. Plaintiff MANUEL SUCUP was employed by Defendants from in or around October 2015 until in or around November 2018.

30. Plaintiff worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around October 2015 until in or around December 2017, and approximately sixty (60) hours or more per week during his employment by Defendants from in or around January 2018 until in or around November 2018.

31. During Plaintiff MANUEL SUCUP'S employment by Defendants at HINOMARU RAMEN LLC D/B/A LUCKY CAT, Plaintiff was a cook, and performing other miscellaneous duties from in or around October 2015 until in or around November 2018.

4

32. Plaintiff MANUEL SUCUP was paid by Defendants approximately $400.00 per week in or around 2015, approximately $500.00 per week in or around 2016, approximately $550.00 per week in or around 2017, and approximately $500.00 per week from in or around January 2018 until in or around November 2018.

33. Although Plaintiff MANUEL SUCUP worked approximately seventy-two (72) hours or more per week during his employment by Defendants from in or around October 2015 until in or around December 2017, and approximately sixty (60) hours or more per week during his employment by Defendants from in or around January 2018 until in or around November 2018, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Furthermore, although Plaintiff MANUEL SUCUP worked approximately twelve (12) or more hours per day, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

35. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

36. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

37. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

39. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, dishwashers, kitchen workers, or other similarly titled

personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

40. Upon information and belief, Defendants employed between 20 to 40 employees within the past three years subjected to similar payment structures.
41. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
42. Defendants' unlawful conduct has been widespread, repeated, and consistent.
43. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.
44. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
45. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
46. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
47. The claims of Plaintiffs are typical of the claims of the putative class.
48. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

50. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
51. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
52. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
53. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
54. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
55. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
56. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

57. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
58. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

7

59. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

60. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor Law**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs' an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4

63. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

64. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

65. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

66. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

8

## FIFTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

69. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This __ day of December 2018

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---
JUAN SUCUP and MANUEL SUCUP, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

HINOMARU RAMEN LLC D/B/A LUCKY CAT and KOJI KAGAWA, an individual,

Defendants.
---

## COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

HINOMARU RAMEN LLC D/B/A LUCKY CAT
232 East 53rd Street
New York, New York 10022

KOJI KAGAWA
232 East 53rd Street
New York, New York 10022

10