

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ♦ F. 718.263.9598

July 31, 2020

**Via ECF**
The Honorable Judge Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: **Sucup v. Hinomaru Ramen LLC, et al.**
       **18-CV-12101 (DCF)**

Dear Judge Freeman:

    Our office represents the Plaintiffs in the above-captioned action and submit this motion on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement attached hereto as Exhibit 1 memorializes the terms agreed upon by the parties during their court-annexed mediation session on June 10, 2019.

**Settlement Terms**

    The parties reached a settlement to resolve all claims asserted in this matter for $50,000.00, including attorneys' fees (which are addressed below). The parties reached this settlement with the assistance of the SDNY court-annexed mediation program and after approximately four hours of negotiation.

**Plaintiffs' Position**

    Plaintiffs Juan Sucup ("Juan") and Manuel Sucup ("Manuel") (collectively, "Plaintiffs") are brothers who brought this action against Hinomaru Ramen LLC d/b/a Lucky Cat ("Lucky Cat") and Koji Kagawa (collectively, "Defendants") as former cooks, food preparers, cleaners and dishwashers at Defendants' restaurant located at 232 East 53rd Street, New York, New York 10022. In general, Plaintiffs alleged that they were required to work in excess of forty (40) hours per workweek without receiving proper overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and did not receive proper spread of hours compensation in accordance with the NYLL when they worked in excess of ten (10) hours per shift.

Juan alleges that he was employed by Defendants for a little over four years, from in or around September 2014 until in or around November 2018. Manuel alleges that he was employed by Defendants for slightly more than three years, from in or around October 2015 until in or around November 2018. Juan alleged that he regularly worked six days per week and approximately twelve hours per day. Manuel alleged that he regularly worked six days per week for the first two years of his employment and then began working five days per week for the final year; Manuel also alleged that he worked approximately twelve hours per day throughout his employment.

Plaintiffs allege that they were not paid time-and-a-half for their hours worked in excess of forty (40) hours per week, but instead received a rate equal or close to their regular hourly rate of pay in violation of the FLSA and NYLL. Plaintiffs also alleged that they were entitled to damages for Defendants' failure to provide wage statements and wage notices in accordance with the NYLL. Lastly, Plaintiffs alleged that they were not paid proper spread of hours compensation when working in excess of ten (10) hours per day. Plaintiffs' estimation of unpaid wages was slightly under $100,000.00.

Although Plaintiffs were confident that they could succeed on all of their claims at trial, their preference was for a guaranteed payment through a court-approved settlement agreement. In accepting the Defendants' offer, Plaintiffs took into account the defenses raised by Defendants below, Defendants' time and pay records, Defendants' financial situation and the ability to collect on a larger judgment should the matter have proceeded to trial, and the timing of payment in the near future as opposed to the uncertainty of a trial at a much later date.

**Defendants' Position**

Defendants deny most of the plaintiffs' allegations, except that Plaintiffs worked at the defendant restaurant. Defendants provided hundreds of pages of time records and payroll documents, demonstrating that the plaintiffs did not work exceeding forty (40) hour per week all the time and that they were paid properly in an hourly rate when they did work exceeding forty (40) hours per week. Throughout the alleged 3-4 years employment period, there were a few hours not accounted for due to missing time records and payroll documents. Even if we compute the damage in favor of the plaintiffs, Defendants owe the plaintiff Juan Sucup no more than $12,325.34 and owe the plaintiff Manuel Sucup no more than $8,180.56.

In addition, Defendants are in possession of videos demonstrating that sometimes one plaintiff left a few hours earlier during the night shift when the other plaintiff clocked out for the first plaintiff at his normal shift end time. Yet Defendants have been paying both plaintiffs based on the clocked time.

**Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $50,000.00 in two monthly installments of $25,000.00 after receiving Court approval of the Agreement. The parties believe that this amount is reasonable in light of Plaintiff's claims and the defenses and records maintained by Defendants.

Plaintiffs will recover $32,892.00 after attorneys' fees and expenses pursuant to the Agreement and in accordance with their retainer agreement with Plaintiffs' counsel. Plaintiffs' counsel respectfully requests one-third of the net settlement amount (after expenses have been deducted), consistent with the fee arrangement regularly approved by this Court. Each Plaintiff will receive an amount proportional to Plaintiffs' counsel's individualized calculations of damages, which take into account the length of each Plaintiff's employment, each Plaintiff's hours worked per week, and each Plaintiff's rate of pay.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $663.00, for identifiable expenses, which include the Southern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, Anke Judicial Services, Inc. ($256.00) and postage fees ($7.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $17,108.00.

**Settlement Amount:** $50,000.00
**Attorneys' Expenses:** $663.00
**Settlement less Expenses:** $49,337.00
**Requested Attorneys' Fees:** $16,445.00 ($49,337.00 / 3)
**Total payable to Attorneys:** $17,108.00 ($16,445.00 + $663.00)
**Total payable to Plaintiff Juan Sucup:** $18,500.00
**Total payable to Plaintiff Manuel Sucup:** $14,392.00

Plaintiffs' counsel and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013).

Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is not unreasonable, and *Cheeks* does not disagree. Furthermore, the Agreement was drafted by experienced counsel and does not include a confidentiality clause or an overreaching release that would otherwise prevent the Court from approving the Agreement. The Agreement was the product of arms-length negotiations, with the assistance of a court-appointed mediator and without any possibility of collusion.

In closing, the parties respectfully submit that the Agreement is fair and reasonable, and therefore request that the Court approve or so order the Agreement.

Respectfully submitted,

/s/_____
James O'Donnell, Esq.
*Attorneys for Plaintiff*